DIANE J. HUMETEWA
United States Attorney
District of Arizona

Glenn B. McCormick
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
glenn.mccormick@usdoj.gov
Arizona State Bar No. 013328
Telephone (602) 514-7500

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-07-1178-001-PHX-SRB |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| Javier Mendoza Cuevas, | |
| Defendant. | |

Plaintiff, United States of America, and defendant, JAVIER MENDOZA CUEVAS, hereby agree to the following disposition of this matter:

### PLEA

Defendant will plead guilty to Count One of the Indictment charging defendant with a violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(vii), and 841(b)(5), Conspiracy to Cultivate a Controlled Substance to wit: more than 1,000 marijuana plants, a Class A felony offense.

### TERMS

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise

its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1. **MAXIMUM PENALTIES**

    a.      A violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(vii), and 841(b)(5), is punishable by a maximum fine of $4,000,000.00, a maximum term of imprisonment of Life (and notably a statutory mandatory minimum of 10 years imprisonment), or both and a term of supervised release of at least 5 years.

    b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

        (1)     Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

        (2)     Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

        (3)     Order the defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

    c.      Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

    d.      Pursuant to 21 U.S.C. Section 862, a conviction can result in the defendant and his family losing eligibility for certain welfare, food stamp and social security benefits.

2. **AGREEMENTS REGARDING SENTENCING**

a. <u>Recommendation by the Government</u>: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that the defendant be sentenced to no greater than the low end of the Advisory Guideline Calculation as determined by the court as long as the low end of the range exceeds the mandatory minimum term of 120 months.

b. Defendant understands that the court is neither a party to nor bound by this agreement and specifically that the United States' recommendation is not binding on the court, and the court may impose any sentence provided for by law. Defendant further understands that if the court imposes a sentence different from what the United States recommends the defendant will not be permitted to withdraw the guilty plea.

c. The government agrees, pursuant to Fed. R. Crim. P. 11(c)(1)(B), to take no position on a defense motion pursuant to Title 18 United States Code, Section 3553, to reduce the defendant's sentence below the advisory guideline range to a sentence between the low end of the advisory guideline range and the mandatory minimum sentence of 120 months.

d. If the court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

e. The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

f. <u>Acceptance of Responsibility</u> Assuming the defendant makes full and complete disclosure to the Probation Department of the circumstances surrounding the defendant's commission of the offense, if the defendant would be eligible for a recommended two-point reduction pursuant to Section 3E1.1 of the Guidelines and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a three-point reduction in the advisory sentencing guideline offense level, as set forth in Section 3E1.1 of the Guidelines.

g. <u>Criminal History Options</u> This plea agreement is expressly conditioned upon the accuracy of the defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement.

3. **AGREEMENT TO MAKE RESTITUTION**

Not Applicable.

4. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will **dismiss the following charges:** Counts Two (2) and Three (3).

b. This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

5. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

6. **PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and

evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

### 7. REINSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

### 8. DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE

a.   The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department **including, but not limited to:**

**(1)   All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.**

**(2)   All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.**

**(3)   All history of drug abuse which would warrant a treatment condition as part of sentencing.**

**(4)   All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.**

9. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

   a.   Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

   b.   Defendant will testify truthfully in any civil forfeiture proceeding.

   c.   Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

   d.   The defendant agrees that, on or about <u>October 2, 2007</u>, two firearms, a <u>Fabrinor Victoria, Model Firestorm, .45 caliber handgun, serial number 71400936101, and a Browning Special 20 gauge shotgun, serial number 07518631RT</u>, were located in the marijuana garden where he had been working.

   e. This property was seized by agents of the <u>United States Forestry Service</u> on <u>October 2, 2007</u>

   f. Defendant does not dispute that the firearms described herein illegally possessed in violation of Federal law by members of the conspiracy. Defendant further does not dispute that the firearms are subject to seizure and forfeiture by the United States and that no defense exists to the seizure and forfeiture of that property by the United States.

   g. Defendant claims no right, title, or interest in the firearms, will make no claim to that property, and agrees not to contest forfeiture of the property by the United States. Defendant understands that the United States will dispose of the property in accordance with the law. The defendant hereby agrees not to make any claim in any civil, administrative or judicial forfeiture brought against the firearms, and further agrees not to oppose any civil, administrative or judicial forfeiture of the firearms.

   h. Defendant agrees to hold harmless and waive any claim for damages or cause of action of any nature whatsoever against the United States, including the United States Forestry Service, and any other state or local government or agency, as well as any agents and employees thereof based on the seizure, storage, or forfeiture of the property described above.

i. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is in accordance with both 21 U.S.C. § 853 and 18 U.S.C. § 982. Defendant further agrees that a Final Order of Forfeiture may be issued prior to sentencing if no third party claims are made.

## ELEMENTS OF THE OFFENSE

I agree and admit that the United States can prove each of the following elements of Count One [*handwritten correction from "Two"*] of the Indictment beyond a reasonable doubt:

**Element One:**

On or before August of 2006, and continuing through October 16, 2007, there was an agreement between two or more persons in the District of Arizona to commit the crime of Cultivation of marijuana, a controlled substance.

The crime agreed to, that is, Cultivation of marijuana, is committed when the following occurs:

1. In the District of Arizona, the a party manufactured a schedule I controlled substance by cultivating marijuana plants;
2. A party cultivated more than 1,000 marijuana plants; and
3. A party cultivated these marijuana plants on federal property.

**Element Two:**

I became a party to this agreement or conspiracy, on or before July 26, 2007, knowing of at least one of its objects and intending to help accomplish it.

## FACTUAL BASIS

I further admit that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On and after October August of 2006, and continuing through October 16, 2007, I assisted with the cultivation of marijuana "gardens" near the Maple Springs Draw, Pigeon Springs, and Pomontory Butte areas of the Tonto National Forest, in the District of Arizona. I assisted with these cultivation operations by bringing supplies, including food, cooking propane, irrigation pipe, fertilizer and other items to the workers in the "gardens". There were far in excess of 1,000 marijuana plants in the "gardens". I am familiar with what marijuana plants look and smell like. I was fully aware that the supplies I was bringing were intended to keep the cultivation operation functioning. I agree that my activities constitute conspiracy to cultivate over 1,000 marijuana plants.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the

1 advisory Sentencing Guidelines.  **I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.**

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

This agreement has been read to me in **Spanish** and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

_5/28/08_
Date

_Javier Cuevas_
JAVIER MENDOZA CUEVAS
Defendant

9

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or caused to be translated this agreement from English into **Spanish** to the defendant on 27th day of May, 08.

5/28/08
Date

GABRIEL VALDEZ
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

5-28-08
Date

GLENN B. MCCORMICK
Assistant U.S. Attorney

**COURT'S ACCEPTANCE**

12/17/08
Date

*/s/ Susan R. Bolton*
HON. SUSAN R. BOLTON
United States District Judge